IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALVARO GOMEZ GOMEZ,<br><br>*Plaintiff,*<br><br>vs.<br><br>PAMELA JO BONDI, UNITED STATES ATTORNEY GENERAL; KRISTI LYNN NOEM, SECRETARY OF HOMELAND SECURITY; ACTING FIELD DIR. SYLVESTER M ORTEGA, SAN ANTONIO ACTING FIELD OFFICE DIRECTOR FOR DETENTION AND REMOVAL, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; AND CHARLOTTE COLLINS, WARDEN, T. DON HUTTO DETENTION CENTER;<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 5:25-CV-01687-FB-RBF |

**ORDER FOR ADVISORY**

Before the Court is the status of the above-referenced case and Petitioner Alvaro Gomez Gomez's Petition for Writ of Habeas Corpus. *See* Dkt. No. 1 ("Pet." or "Petition"). This case was referred by the District Judge for disposition of all pretrial matters, pursuant to Rule CV-72 and Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 3. Authority to enter this Order stems from 8 U.S.C. § 636(b)(1)(A).

A brief background discussion is warranted. Petitioner Gomez is a Guatemalan national who entered the United States in 2000 without inspection. Pet. ¶¶ 7, 12. He was never admitted or paroled. *Id.* ¶ 12. Since entering the United States, Petitioner worked in Texas, married a United States citizen who he is now separated from, and had a child. *Id.* ¶ 13. Petitioner, on November 26, 2025, was stopped by a Hays County deputy sheriff on suspicion of driving under the influence. *Id.* ¶ 14. The deputy sheriff contacted ICE, who then arrived on the scene, detained Petitioner, and

initiated removal proceedings. *Id.* Petitioner is currently detained at T. Don Hutto Detention Center. *Id.* ¶ 7.

Petitioner filed his Petition for Writ of Habeas Corpus on December 8, 2025, seeking an Order from the Court mandating that he either receive a bond hearing from an immigration judge or be released from ICE detention. *See* Pet. at 18-19. Petitioner thereafter filed a Supplemental Brief that addresses a recent Fifth Circuit decision that implicates his arguments. *See* Dkt. No. 9. The Court then ordered Federal Respondents to file a full brief in opposition to the Petition and Supplemental Brief, and directed Petitioner to file a reply brief, if desired. *See* Dkt. No. 10.

Federal Respondents filed a full Response on April 3, 2026. *See* Dkt. No. 13. Petitioner did not file a reply. Indeed, Petitioner has been entirely inactive since the filing of his Supplemental Brief on February 25, 2026. *See* Dkt. No. 9. Before the Court addresses the arguments in the Petition, given the ever-evolving nature of immigration and removal proceedings, the Court wishes to ascertain the status of Petitioner's detention and removal proceedings and whether Petitioner still intends to prosecute this case. Accordingly,

**IT IS HEREBY ORDERED** that **Petitioner** shall file within **fourteen (14) days** an advisory informing the Court of the status of his detention and removal proceedings. The advisory should inform the Court whether Petitioner intends to continue pursuing habeas relief and, if so, whether a hearing is requested.

**IT IS FURTHER ORDERED** that **Respondents** shall within **fourteen (14) days** from the date of this Order file an advisory to inform the Court on the status of Petitioner's removal proceedings and provide any updates concerning Petitioner's detention and removal known to Respondents. The advisory should indicate what steps have been taken, if any, to secure Petitioner's removal.

The respective advisories need only provide a brief update on these matters and need not be longer than a page or two, if such suffices to provide the requisite update.

**IT IS SO ORDERED**.

**SIGNED** this 5th day of October, 2026.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE